## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

FLIP FACE U.S.A., LLC,
a Florida Limited Liability Company,
and FLIP FACE, INC.,
a Foreign Corporation,

               Plaintiffs,

v.

ALEXANDRIA MOULDING, INC.,
a Washington Corporation, and
MOULURE ALEXANDRIA
MOULDING, INC.,
a Canadian Corporation,

               Defendants.

CIVIL ACTION NO.
1:15-cv-00883-MHC

JURY TRIAL DEMANDED

### PLAINTIFFS' RESPONSE TO DEFENDANTS' STATEMENT OF ADDITIONAL MATERIAL FACTS IN SUPPORT OF DEFENDANTS' RESPONSE AND PARTIAL OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AS TO COUNTS I-II, IV-V, AND VII

Plaintiffs, Flip Face U.S.A., LLC and Flip Face, Inc. (collectively, "Plaintiffs"), responds to Defendants, Alexandria Moulding, Inc. and Moulure Alexandria Moulding, Inc.'s ("Defendants") Statement of Additional Material Facts [Dkt. 218-2, 219-2] in support of Defendants' Response and Partial Opposition [Dkt. 218, 219-1] to Plaintiffs' Motion for Summary Judgment as To Counts I-II, IV-V, and VII [Dkt. 209] (the "Motion") as follows:

**1.      The Settlement Agreement included payments of over [REDACTED]. [July 2, 2013 Settlement Agreement at § 4 (attached hereto as Exhibit F).]**

<u>Response</u>: Plaintiffs object to this Statement pursuant to L.R. 56.1(B)(3)(c) in that these facts are not material. The amount paid pursuant to the Settlement Agreement has no relevance to Plaintiffs' Motion.

**2.      On August 28, 2015, Alexandria Moulding disclosed that it had sold 144 lineal feet of FF RCM to Rona on August 5, 2013, after the date of the Settlement Agreement. [Defendant Moulure Alexandria Moulding, Inc.'s Responses and Objections to Plaintiffs' First Set of Interrogatories at pp.3 & 6 (attached hereto as Exhibit A).]**

<u>Response</u>: Plaintiffs object to this Statement pursuant to L.R. 56.1(B)(3)(c) in that the fact the Defendants disclosed information in response to a discovery request is not material. The details of the transaction are not disputed.

**3.      The gross margin on the sale of 144 lineal feet of FF RCM to Rona after the date of the Settlement Agreement was C\$26.21. [*Id.*; *see also* Defendant Alexandria Moulding, Inc.'s First Supplemental Responses and Objections to Plaintiffs' First Set of Interrogatories (Nos. 1, 5, 6, and 13) at pp.7 -8 (attached hereto as Exhibit B).]**

Response: Plaintiffs object to this Statement pursuant to L.R. 56.1(B)(3)(c) in that these facts are not material. As explained in Plaintiffs' Motion and Reply, the amount of the transaction is not relevant to Defendants' liability.

**4.     Alexandria Moulding understood that Empire is an authorized dealer of FF RCM. [Exhibit A at pp.3-4; Exhibit B at p.4.]**

Response: Disputed. Plaintiffs are unable to ascertain what Alexandria Moulding allegedly "understood."

**5.     Alexandria Moulding received verbal approval to enter into the Empire transactions. [Exhibit A at pp.3-4; Exhibit B at p.4; Doc 80-3 at ¶ 13; Doc. 122 at p.205, lines 15-24 (excerpts attached hereto as Exhibit G).]**

Response: Disputed. Plaintiffs never provided approval for Defendants to enter into the Empire transactions, and the Parties never modified the Settlement Agreement in writing to allow for such transactions. [Dkt. 209-2, ¶¶ 9-14].

**6.   M&J Enterprises' representative testified that Alexandria Moulding usually sent invoices four or five days after M&J received its ordered product [Doc. 210 at p.16, lines 17-19 (This document is provisionally under seal, pending the Court's decision on Docs. 211 & 213.).]**

Response: Plaintiffs object to this Statement pursuant to L.R. 56.1(B)(3)(c) in that these facts are not material. As explained in Plaintiffs' Motion and Reply, the

RCM was delivered and accepted, and, thus, the transaction completed under the law, after the Effective Date of the Settlement Agreement.

**7.     Although the invoice for the M&J transaction indicates a ship date of July 4, 2013, the invoice also indicates it was to be on the "Tuesday 6" route, suggesting the product may have shipped on Tuesday, July 2, 2013. [Doc 129-16 at p.2; Doc. 146 at p.24, lines 6-8 (excerpts attached hereto as Exhibit H).]**

Response: Plaintiffs object to this Statement pursuant to L.R. 56.1(B)(3)(c) in that these facts are not material. As explained in Plaintiffs' Motion and Reply, the RCM was delivered and accepted, and, thus, the transaction completed under the law, after the Effective Date of the Settlement Agreement. Plaintiffs further object to this Statement pursuant to L.R. 56.1(B)(3)(b) as Defendants' evidence does not support the Statement. Further, that Defendants state as an "undisputed fact" that something "suggests" that something "may" have happened on a date certain defeats its assertion that such is undisputed.

**8.     The bill of lading indicates the product ordered by M&J Enterprises may have been delivered on July 3, 2013. [Doc. 129-17 at p.2.]**

Response: Plaintiffs object to this Statement pursuant to L.R. 56.1(B)(3)(c) in that these facts are not material. As explained in Plaintiffs' Motion and Reply, the RCM was delivered and accepted, and, thus, the transaction completed under the

4

law, after the Effective Date of the Settlement Agreement. Plaintiffs further object to this Statement pursuant to L.R. 56.1(B)(3)(b) as Defendants' evidence does not support the Statement. Further, that Defendants state as an "undisputed fact" that something "may" have happened on a date certain defeats its assertion that such is undisputed.

**9.     The order date for the M&J transaction was June 26, 2013. [Doc. 12916 at p.2.]**

Response: Plaintiffs object to this Statement pursuant to L.R. 56.1(B)(3)(c) in that these facts are not material. As explained in Plaintiffs' Motion and Reply, the RCM was delivered and accepted, and, thus, the transaction completed under the law, after the Effective Date of the Settlement Agreement.

**10.    Alexandria Moulding and M&J Enterprises discussed and agreed upon pricing on June 26, 2013. [Doc. 146 at p.39, lines 19-25 (excerpts attached hereto as Exhibit H).]**

Response: Plaintiffs object to this Statement pursuant to L.R. 56.1(B)(3)(c) in that these facts are not material. As explained in Plaintiffs' Motion and Reply, the RCM was delivered and accepted, and, thus, the transaction completed under the law, after the Effective Date of the Settlement Agreement.

11.     The M&J sale of FF RCM totaled C$200. [Doc. 129-16 at p.2; Doc. 146 at p.31, line 15 – p.32, line 6; p.33, lines 19-22 (excerpts attached hereto as Exhibit H).]

Response: Plaintiffs object to this Statement pursuant to L.R. 56.1(B)(3)(c) in that these facts are not material. As explained in Plaintiffs' Motion and Reply, the amount of the transaction is not relevant to Defendants' liability.

12.     Alexandria Moulding instructed Habitat for Humanity that Habitat only could use the RCM for the purpose of its building houses and it could not be resold or provided to third parties. [Exhibit B at pp.9-10.]

Response: Plaintiffs object to this Statement pursuant to L.R. 56.1(B)(3)(c) in that these facts are not material. As explained in Plaintiffs' Motion and Reply, Defendants' alleged intent and "good-faith" are irrelevant to the claims upon which Plaintiffs seek summary judgment.

13.     Habitat ultimately returned 99% of the FF RCM, much of it unopened. [*Id.*]

Response: Plaintiffs object to this Statement pursuant to L.R. 56.1(B)(3)(c) in that these facts are not material. Whether Habitat returned 99% of the RCM has no bearing on Plaintiffs' Motion.

**14.     Alexandria Moulding gave instructions to its printer not to print marketing items with FF RCM product listed in it. [Doc. 153 at p.34, line 15 - p.35, line 2; p.37, lines 10-16 (excerpts attached hereto as Exhibit I).]**

<u>Response</u>: Plaintiffs object to this Statement pursuant to L.R. 56.1(B)(3)(c) in that these facts are not material. As explained in Plaintiffs' Motion and Reply, Defendants' did, in fact, print marketing items with the FF RCM in it after the date of the Settlement Agreement. Defendants' alleged intent and "good-faith" are irrelevant to the claims upon which Plaintiffs seek summary judgment.

**15.     Alexandria Moulding held weekly marketing and sales calls, during which they had discussions to ensure that marketing materials referencing FF RCM were removed. [*Id.* at p.38, lines 7-15.]**

<u>Response</u>: Plaintiffs object to this Statement pursuant to L.R. 56.1(B)(3)(c) in that these facts are not material. As explained in Plaintiffs' Motion and Reply, Defendants' did, in fact, print marketing items with the FF RCM in it after the date of the Settlement Agreement. Defendants' alleged intent and "good-faith" are irrelevant to the claims upon which Plaintiffs seek summary judgment.

**16.     Alexandria Moulding employees sent emails containing instructions regarding the removal of marketing material relating to FF RCM. [Doc. 129-7 at p.3; Doc. 129-10 at p.2; Exhibit C hereto.]**

Response: Plaintiffs object to this Statement pursuant to L.R. 56.1(B)(3)(c) in that these facts are not material. As explained in Plaintiffs' Motion and Reply, Defendants' did, in fact, print marketing items with the FF RCM in it after the date of the Settlement Agreement. Defendants' alleged intent and "good-faith" are irrelevant to the claims upon which Plaintiffs seek summary judgment.

17.     **Prior to delivering the FF RCM to Empire in July 2014, Alexandria Moulding removed the bar code labels that displayed the FF trademarks. [Exhibit J attached hereto (labels with FF trademark removed prior to sale to Empire); Doc. 88 at p.65, line 1 - p.66, line 9 (excerpt attached hereto as Exhibit K).]**

Response: Disputed. Plaintiffs object to this Statement pursuant to L.R. 56.1(B)(3)(b) as Defendants' evidence does not support the Statement. *See* [Dkt. 209-2 at ¶ 31].

18.     **Flip Face trademarks were not observed on the Habitat for Humanity FF RCM donation. [Doc. 147, p.17, lines 6-14 (excerpt attached hereto as Exhibit L).]**

Response: Disputed. Plaintiffs object to this Statement pursuant to L.R. 56.1(B)(3)(b) as Defendants' evidence does not support the Statement. *See* [Dkt. 209-2 at ¶ 31]. The representative from Habitat for Humanity testified, "I don't - - I

8

don't' - - I don't remember. I don't remember for sure. I couldn't tell you." [Dkt. 147 at 19-20].

**19.     After execution of the Settlement Agreement, Alexandria Moulding directed the few calls it received relating to FF RCM to other sources of FF RCM such as Lowe's and Empire. [Doc. 122 at p.73, lines 5-13 (excerpts attached hereto as Exhibit G).]**

Response: Plaintiffs object to this Statement pursuant to L.R. 56.1(B)(3)(c) in that these facts are not material. As explained in Plaintiffs' Motion, these customer inquiries serve as evidence of actual consumer confusion.

**Dated:   April 8, 2019**.

Respectfully submitted,

The Concept Law Group, P.A.
*Attorneys for the Plaintiffs*
6400 South Andrews Avenue, Suite 500
Fort Lauderdale, Florida 33309
Tel: (754) 300-1500 ; Fax: (754) 300-1501

By:     s/ Alexander D. Brown  /
Alexander Brown, Esq. (GA Bar No.:  902761)
ABrown@ConceptLaw.com
Scott Smiley, Esq. (Admitted *Pro Hac Vice*)
Scott@ConceptLaw.com

## CERTIFICATE UNDER L.R. 7.1D, N.D. Ga.

Pursuant to Northern District of Georgia Local Rule 7.1D, Plaintiffs' counsel hereby certifies that the above and foregoing is a computer document prepared in Times New Roman (14 point) font in accordance with Local Rule 5.1B.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 8, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:   s/ Alexander D. Brown   /